IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GANDY MARKETING & TRUCKING, INC. | § | |
| (n/k/a DAD MARKETING AND TRUCKING, | § | |
| INC.), GANDY NURSERY, INC. (n/k/a DDA, | § | |
| INC.), GANDY REAL ESTATE & NURSERY | § | |
| INVENTORY, LTD. (n/k/a ADD REAL | § | Case No. 08-CV-1053 |
| ESTATE, LTD.), GANDY OPERATIONS, LTD.), | § | |
| DENNIS C. GANDY & SONS, INC. (n/k/a | § | |
| DCG & SONS, INC.), GANDY PROPERTIES, | § | |
| INC. (n/k/a DAD PROPERTIES, INC.), | § | |
| DENNIS CLAYTON GANDY FAMILY | § | |
| TRUST, DENNIS C. GANDY, DOMONICK | § | |
| C. GANDY, and ANTHONY N. GANDY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TREE TOWN HOLDINGS, LTD. | § | |
| (n/k/a TREE TOWN USA, LTD.), and | § | |
| AUSTIN BANK TEXAS, N.A., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Intervenor. | § | |

**<u>ORDER</u>**

Pending before the court[1] is Plaintiffs' Motion to Transfer
Venue (Docket Entry No. 8).  The court has considered the motion,
all relevant filings, and the applicable law.  For the reasons set
forth below, the court **DENIES** the motion.

---

[1]   This case was referred to the undersigned magistrate judge
pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction
Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure
72.  Docket Entry No. 24.

## I. Case Background

In July, 2003, Plaintiffs and Defendant Tree Town Holdings, Ltd., ("Tree Town") entered into an purchase agreement where Tree Town purchased certain assets from Plaintiffs.[2]  Pursuant to the purchase agreement, Plaintiffs and Tree Town entered into an escrow agreement under which Defendant Austin Bank Texas ("Austin Bank") acted as an agent and held certain funds in escrow.[3]  The escrow agreement contained a provision that stated, in relevant part, that "any dispute relating to the agreement shall be filed in Harris County, Texas."[4]  On March 14, 2008, Plaintiffs filed suit in a state district court in Harris County, Texas, to obtain the remaining escrowed funds.[5]  On April 7, 2008, the United States intervened, claiming a lien against the escrowed funds for unpaid federal tax liabilities of Plaintiff Dennis C. Gandy.[6]  The United States removed the case to the Southern District of Texas.

## II.  Motion to Transfer Venue

Plaintiffs move to transfer this action to the Eastern District of Texas ("Eastern District") pursuant to 28 U.S.C. § 1404(a) in the

---

[2]     Defendant Tree Town's Response to Plaintiffs' Motion to Transfer Venue, Docket Entry No. 15, p. 2.

[3]     Plaintiffs' Motion to Transfer Venue, Docket Entry No. 8, p. 3.

[4]     Defendant Tree Town's Response to Plaintiff's Motion to Transfer Venue, Docket Entry No. 15, Ex. B, Escrow Agreement, p. 9-10.

[5]     Plaintiffs' Motion to Transfer Venue, Docket Entry No. 8, p. 2.

[6]     Notice of Removal, Docket Entry No. 1, p. 2.

interests of justice and for the convenience of the parties and witnesses.

A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses . . . [and is] in the interest of justice."  28 U.S.C. § 1404(a); see also Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); In re Volkswagen of AG, 371 F.3d 201, 203 (5th Cir. 2004).  The party seeking the transfer must demonstrate that the balance of convenience and justice factors favors a change of venue.  Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).  The decision whether to transfer venue rests within the sound discretion of the district court.  Casarez v. Burlington N./Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999).

In balancing the convenience and justice factors, the court takes into consideration various private and public interest factors in light of the specific facts of the case.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); In re Volkswagen AG, 371 F.3d at 203.  The private concerns include:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  Id.  Public interest factors that may be relevant to the analysis include: (1) administrative difficulties related to

court congestion; (2) the local interest in deciding the controversy; (3) the familiarity of the forum with the applicable law; and (4) the avoidance of unnecessary conflict of laws problems. Id.

### III.  Analysis

Plaintiffs argue that this case should be transferred to the Eastern District for three reasons: 1) 28 U.S.C. § 1396 provides that a civil action for the collection of internal revenue taxes may be brought in the district where the tax liability accrues, the taxpayer resides, or the return was filed; 2) for the convenience of the parties and witnesses; and 3) a related case is presently pending in the Eastern District.

Defendant Tree Town counters that Plaintiffs agreed to a Harris County venue in the escrow agreement.  Tree Town argues that Plaintiffs have not given sufficient reason why the forum selection clause should not be enforced.

Under the test articulated in Bremen, the party moving for a transfer of venue in the presence of a forum selection clause bears a heavy burden of proof.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972).  In Bremen, the court stated that it should enforce forum selection clauses unless the moving party can show that enforcement is either unreasonable and unjust, or that the clause was induced through fraud or overreaching.  Id. at 9-11, 15. The court held that "a forum selection provision in a written

4

contract is prima facie valid." Id. at 9-11; Kevlin Serv., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995).

In this case, Plaintiffs do not argue that the forum selection clause is invalid.  Instead, Plaintiffs argue that this case should be transferred despite the presence of a valid forum selection provision.  Plaintiffs cite to the Supreme Court's analysis in Stewart, arguing that the presence of a forum selection clause is not the first issue to be discussed by the court.  See Stewart, 487 U.S. at 28-29.  The Court held in Stewart that under 28 U.S.C. § 1404(a), the court must make individualized, case-by-case determinations concerning convenience and fairness.  Id. at 28. However, the Supreme Court recognized that "the presence of a forum selection clause . . . will be a significant factor that figures centrally in the district court's calculus.  Id. at 29.  A valid forum selection clause must therefore be given significant consideration in any attempt to transfer venue.

The court agrees that under 28 U.S.C. § 1396, the United States could have brought suit for the collection of taxes in the Eastern District of Texas.  The exact nature of the litigation between Plaintiff Dennis C. Gandy and the United States in the Eastern District has not been explained by the parties.  Even if the court assumes that the United States could have filed suit for the collection of taxes against Plaintiff Dennis C. Gandy in the Eastern District, the intervention of the United States into a dispute

between Plaintiffs and Defendant over escrowed funds is not dispositive of the venue issue.  The court must determine whether the Eastern District presents a more convenient forum than the Southern District of Texas, despite the forum selection clause agreed by the Plaintiffs and Defendant.

Plaintiffs argue that a transfer to the Eastern District would serve the interests of justice.  Specifically, Plaintiffs argue that in the case involving Plaintiff Dennis C. Gandy and the United States, the Eastern District is dealing with the same issues presented in this case, and that transfer to the Eastern District would maximize judicial economy.

In response, the United States has informed the court that the Eastern District lawsuit reached a final judgment in 2006, and that any ongoing activity relates only to discovery in furtherance of collecting its judgment.  Because the related claim in the Eastern District is already final, the court sees limited benefit in transferring this case at this point.

Likewise, this court is not convinced that a transfer to the Eastern District would maximize judicial economy.  Plaintiffs state that it is "a waste of this Court's limited and valuable resources to have two different judges in two different courts addressing the same issues."[7] However, the court finds that there is no suggestion that a judge in the Eastern District is considering any issue

---

[7]        Plaintiffs' Motion to Transfer Venue, Docket Entry No. 8, p. 6.

6

concerning the escrow agreement or purchase agreement at this time.

Next, Plaintiffs argue that the convenience of the parties and witnesses would be better served by transferring the action to the Eastern District, despite the presence of a forum selection clause. The court disagrees. In order to overcome the "centralized calculus" of a forum selection clause, Plaintiffs must show that enforcement of the forum selection clause is either unreasonable or unjust. <u>Bremen</u>, 407 U.S. at 15.

Plaintiffs state that sources of proof are located in the Eastern District.[8] Plaintiffs further state that two non-party witnesses who would testify to the negotiations of the purchase agreement are also located in the Eastern District.[9] Both witnesses live more than 100 miles from Houston, Texas, making compulsory process unavailable.[10] Plaintiffs also argue that the Eastern District would be a more convenient forum for Defendant Austin Bank and the United States.[11] The court notes that Austin Bank has interpleaded the disputed funds into the registry of the court and is no longer a party to this suit. <u>See</u> Docket Entry No. 28. Therefore, the bank's convenience is not a factor in the court's analysis. The United States has expressed no preference in this

---

[8]   Plaintiffs' Motion to Transfer Venue, Docket No. 8, p. 7-8.

[9]   <u>Id.</u>

[10]   <u>Id.</u>

[11]   <u>Id.</u>

venue dispute.

Plaintiffs have not convinced the court that their residence in the Eastern District and the location of their documents in the Eastern District present either an unreasonable or unjust burden on them in light of their earlier agreement that any dispute arising under the escrow agreement be filed in Harris County, Texas.  The fact that two witnesses cannot be compelled to travel to Houston, Texas, for trial is neither extraordinary nor insurmountable as their testimony may be obtained by depositions.  These minor issues do not provide a compelling reason to ignore a valid forum selection clause.

The court recognizes that the distance traveled by Plaintiffs, witnesses and sources of proof are valid concerns when considering a transfer of venue.  However, the court must also consider the potential inconvenience to Defendant Tree Town if the transfer were granted.  Defendant negotiated for, and received, a forum selection clause in the escrow agreement.  Plaintiffs' present claim of inconvenience in transporting the sources of proof and the travel of non-party witnesses is insufficient to overcome a forum selection clause absent any adhesion, fraud, or overreaching.

### **IV. Conclusion**

Based on the foregoing, Plaintiffs' motion is **DENIED**.

**SIGNED** at Houston, Texas, this 30th day of June, 2008.

Nancy K. Johnson
United States Magistrate Judge