```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| GANDY MARKETING & TRUCKING, § <br> INC. (n/k/a/ DAD MARKETING § <br> AND TRUCKING INC.), et al., § <br> § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> TREE TOWN HOLDINGS, LTD., § <br> et al., § <br> § <br>     Defendants, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br>     Intervenor. § | Civil Action No. H-08-1053 |

**ORDER**

In the present suit, the Gandy Entity Plaintiffs,[1] as well as the Gandy Individual Plaintiffs[2] have sued Tree Town Holdings, Ltd., and Austin Bank, N.A., for failing to disburse funds held in an escrow account in accordance with the terms of the escrow agreement.[3] The United States has intervened to levy against the escrow account to satisfy the unpaid tax liability of Plaintiff Dennis C. Gandy. The United States has also alleged that property

---

[1] The Gandy Entity Plaintiffs are: Gandy Marketing & Trucking, Inc. (n/k/a DAD Marketing and Trucking, Inc.), Gandy Nursery, Inc. (n/k/a DDA, Inc.), Gandy Real Estate & Nursery Inventory, Ltd. (n/k/a ADD Real Estate, Ltd.), Gandy Operations, Ltd. (n/k/a DAD Operations, Ltd.), Dennis C. Gandy & Sons, Inc. (n/k/a DCG & Sons, Inc.), Gandy Properties, Inc. (n/k/a/ DAD Properties, Inc.) and Dennis Clayton Gandy Family Trust.

[2] The Individual Plaintiffs are: Dennis C. Gandy, Domonick C. Gandy, and Anthony N. Gandy.

[3] Austin Bank has interpleaded the disputed funds into the registry of the court and has been dismissed as a party. See Docket Entry Nos. 28, 34.

transfers among the Gandy Entity Plaintiffs and the Gandy Individual Plaintiffs are fraudulent transfers of property subject to a federal tax lien.

Plaintiffs have made a jury demand on all claims. Presently pending are motions to strike Plaintiffs' jury demand by the United States and Tree Town Holdings, Ltd.

Generally, a claim for money damages is a legal claim that entitles a party to trial by jury, while a request for equitable relief does not. United States v. Stewart, 2003 WL 932362 at *1 (W.D. Tex. January 31, 2003)(citing Curtis v. Loether, 415 U.S. 189, 196 n. 11 (1974)). The Fifth Circuit has held that the setting aside of a fraudulent conveyance and foreclosing of a tax lien are equitable in nature and do not implicate a Seventh Amendment right to jury trial. United States v. McMahan, 569 F.2d 889, 890 (5th Cir. 1978); see also Fed. Deposit Ins. Corp. v. New London Enters., Ltd., 619 F.2d 1099, 1103 (5th Cir. 1980)(there is no right to a jury trial in an equitable action to enforce a tax lien).

In the present case, the Plaintiffs, other than Dennis C. Gandy, argue that they have the right to a jury trial to determine their ownership interest in the escrowed property. However, this argument is foreclosed by United States v. Harrison, 273 Fed. App'x 315, 2008 WL 942940 (5th Cir. 2008). There, in similar situation, the court found that a transferee of property subject to a tax lien

was sued only for fraudulent conveyance as the record owner of property subject to a federal tax lien.  As such, the court's determination that the delinquent taxpayer was the true owner of the property was also a determination that the property was subject to foreclosure and sale.  The court concluded that the record owner of the property had no right to a jury trial to determine her ownership interest separate from the fraudulent conveyance issue.  Harrison, 2008 WL 942940, at *1 (citing Duncan v. First Nat'l Bank, 597 F.2d 51, 56 (5th Cir. 1979).

In light of Harrison, the United States' motion to strike Plaintiffs' jury demand (Docket Entry No. 12) is **GRANTED.**

Tree Town's motion to strike Plaintiffs' jury demand is based on a contractual waiver of a right to jury in the Asset Purchase Agreement.[4]  That waiver stated:

> **9.19 Waiver of Jury Trial**.  Each Party hereto knowingly, irrevocably and voluntarily waives its rights to a trial by jury in any litigation which may arise under or involving this Agreement.[5]

The Asset Purchase Agreement was signed by all Gandy Entities as well as the Individual Plaintiffs.  The Asset Purchase Agreement called for a portion of the purchase price paid by Tree Town to be paid into an escrow account and disbursed pursuant to an Escrow

---

[4] Defendant Tree Town's Motion to Strike Jury Demand (Docket Entry No. 14), Exhibit 1, Asset Purchase Agreement, p. 44, ¶ 9.19.

[5] Id.

Agreement attached as an exhibit to the Asset Purchase Agreement.[6] Article IX of the Asset Purchase Agreement provided that the "Agreement, including the exhibits and schedules hereto (which are incorporated by reference herein and constitute a part hereof) contain every obligation and understanding among the Parties relating to the subject matter hereof. . . ."[7]

Plaintiffs acknowledge that the Asset Purchase Agreement contains a waiver of jury trial but argue that the Escrow Agreement does not and they are suing on the Escrow Agreement, not the Asset Purchase Agreement.

The record reflects that both the Asset Purchase Agreement and the Escrow Agreement were simultaneously executed as part of the same overall transaction.[8] In Pers. Sec. & Safety Sys., Inc. v. Motorola, Inc., 297 F.3d 388, 391 (5th Cir. 2002), the court noted the principle that "separate agreements executed contemporaneously by the same parties, for the same purposes, and as part of the same transaction, are to be construed together." The court found that an arbitration clause in one agreement covered all disputes related to the subject matter of the entire transaction between the parties including matters contained in separate contracts. The court further stated, "It is of no moment that each element of the

---

[6]  Id., Asset Purchase Agreement, p. 7, ¶ 1.4(a) and (b).

[7]  Id., Asset Purchase Agreement, p. 42, ¶ 9.3.

[8]  Id.; Supplement of the United States, Docket Entry No. 38, Ex. 1, Plaintiff's Original Petition, attaching the Escrow Agreement as Exhibit A.

agreement focuses on a different aspect of the transaction and could be a valid free-standing contract." Id. at 395. This principle is applicable to the present dispute.

By its express terms, the Asset Purchase Agreement signed by all Plaintiffs waives a jury for all matters that "may arise under" or "involving" the Asset Purchase Agreement. The Escrow Agreement, an ancillary agreement to the Asset Purchase Agreement, was incorporated by reference, attached as an exhibit to the Asset Purchase Agreement and executed contemporaneously with the Asset Purchase Agreement. Accordingly, the court finds that the jury waiver contained in the Asset Purchase Agreement is effective on all matters arising under or involving the Asset Purchase Agreement and includes disputes arising under the incorporated-by-reference Escrow Agreement.

Defendant Tree Town's motion to strike Plaintiffs' jury demand (Docket Entry No. 14) is **GRANTED**.

**SIGNED** this 9th day of January, 2009, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge